Filed 4/25/16  Soto v. Norogachi Construction CA3

<u>NOT</u> <u>TO</u> <u>BE</u> PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ANGEL SOTO, | C079056 |
| Plaintiff and Respondent, | (Super. Ct. No. 34201400168531CUOEGDS) |
| v. | |
| NOROGACHI CONSTRUCTION, INC. , | |
| Defendant and Appellant. | |

Defendant Norogachi Construction, Inc. appeals from an order granting in part and denying in part its motion to compel arbitration.  Specifically, Norogachi contends the trial court erred by failing to refer plaintiff Angel Soto's sixth and eighth causes of action to arbitration.  We agree.

## I.  BACKGROUND

On September 4, 2014, Soto filed a complaint on his own behalf and as the representative of a putative class consisting of Norogachi's non-exempt employees.  The

1

complaint alleges ten causes of action: (1) failure to pay prevailing wages, (2) failure to pay overtime wages, (3) failure to provide meal periods, (4) failure to provide rest periods, (5) failure to furnish accurate wage statements, (6) failure to pay all wages earned on regular pay period, (7) failure to pay wages upon termination or discharge, (8) unlawful wage deductions, (9) unfair competition, and (10) penalties for various Labor Code violations under the Labor Code Private Attorneys General Act of 2004.  Norogachi filed a motion to compel arbitration as to the first nine causes of action and the class allegations, and to stay the action as to any other claim pending arbitration.  The trial court stayed proceedings on causes of action 6, 8 and 10 and all class claims, and ordered the remaining causes of action to arbitration.  Norogachi appealed the portion of the order denying its motion to compel arbitration of the sixth and eighth causes of action.

## II.  DISCUSSION

Soto did not file a respondent's brief.  Consequently, California Rules of Court, rule 8.220(a)(2) states this court "may decide the appeal on the record, the opening brief, and any oral argument by the appellant."  "Nonetheless, [the appellant] still bears the 'affirmative burden to show error whether or not the respondent's brief has been filed,' and we 'examine the record and reverse only if prejudicial error is found.'  [Citation.]" (*Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1078.)  Norogachi has met this burden and demonstrated error.

The trial court found there was an arbitration agreement and no grounds to revoke it.  With respect to the sixth and eighth causes of action, the parties disputed whether Labor Code section 229 nonetheless applied to preclude arbitration.  This section provides that, notwithstanding an agreement to arbitrate, "[a]ctions to enforce the provisions of this article for the collection of due and unpaid wages claimed by an individual may be maintained."  (Lab. Code, § 229.)  The court held that the sixth and eighth causes of action fell within the terms of Labor Code section 229.  Norogachi contends the Federal Arbitration Act (FAA) preempts Labor Code section 229 in this

case.  We agree.  Section 2 of the FAA provides, in relevant part, that an arbitration agreement in a contract evidencing interstate commerce shall be valid and enforceable unless the contract itself is invalid:  "A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  (9 U.S.C. § 2.)  "Section 2, therefore, embodies a clear federal policy of requiring arbitration unless the agreement to arbitrate is not part of a contract evidencing interstate commerce or is revocable 'upon such grounds as exist at law or in equity for the revocation of any contract.' "  (*Perry v. Thomas* (1987) 482 U.S. 483, 489, quoting 9 U.S.C. § 2.)  The trial court found Norogachi had demonstrated the arbitration agreement was subject to the Federal Arbitration Act and that there were no grounds to revoke the agreement, but the trial court did not order the sixth and eighth causes of action to arbitration.  This result is precluded by *Perry v. Thomas, supra,* 482 U.S. at pp. 491-492, which holds that where the FAA applies, it preempts Labor Code section 229.  Therefore, the trial court erred in denying the motion to compel arbitration of the sixth and eighth causes of action.

## III.  DISPOSITION

We reverse the trial court's order as to causes of action six and eight, and remand for the trial court to order these claims to arbitration.  Appellant Norogachi shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) and (3).)


/S/

_____
RENNER, J.


We concur:


/S/

_____
NICHOLSON, Acting P. J.


/S/

_____
MURRAY, J.

4